# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

DYMOND CHARLES BROWN SR, ) CV 21-257-RAW
   Plaintiff, ) (CF-2021-528)
vs. )
CREEK NATION TRIBAL COURT, )
   Respondent. )

FILED
AUG 27 2021
PATRICK KEANEY
Clerk, U.S. District Court
By_____ Deputy Clerk

## COMBINED MOTION FOR WRIT OF HABEAS CORPUS UNDER 25 U.S.C § 1303 AND WRIT OF MANDAMUS UNDER 28 U.S.C § 1361

Comes now, the plaintiff, DYMOND CHARLES BROWN SR proceeding pro se (see Haines v. Kerner) and hereby requests this Honorable Court to order the Creek Nation to dismiss the charges pending with prejudice to refiling for violating the Plaintiffs 5th, 6th and 14th amendment rights. The argument supporting this request is set forth hereat:

### JURISDICTION

(A) 25 U.S.C § 1303 authorizes any person detained by an order of an Indian Tribe to test the validity of that detention in federal courts by way of a writ of habeas corpus

(1)

(B) 28 U.S.C. §1361 confers original jurisdiction on federal district courts over actions" to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff

## Facts and History of the Case

On May 26, 2021, the plaintiff was arrested by the Broken Arrow Police for a complaint of Domestic Assault and Unauthorized Use of a Motor Vehicle. While in custody, the Attorney General for the Creek Nation charged the Plaintiff with (1) Conspiracy to Commit theft in excess of $500 and Count (2) Domestic Assault. The Attorney General recommended aggregate bonds of $5000. The plaintiff posted bond and was released a couple days later.

On July 6, 2021, the Probation Office for the Eastern District of Oklahoma filed a motion to revoke the Plaintiffs supervised release due to his arresst and pending court date on Aug 23 in Creek Nation. Around August 12, 2021, the plaintiff filed a motion in Creek Nation Tribal Court asserting his (1) Fast and speedy trial rights, (2) Notifying the Creek Nation he was

(2)

in custody in MCDC and therefore requesting a writ of habeas corpus ad pro se quendum, (3) requesting discovery (4) or in the alternative dismissal for lack of prosecution and lack of subject matter jurisdiction

## Legal Claim

(1) The plaintiff is not an Indian as defined by the Major Crimes Act and is a citizen only of The United States of America and The State of Oklahoma. Under protection of the 14th amendment, his crimes as applied to him occurred in the State of Oklahoma, not on an Indian Reservation. The tribe is extending McGirt and the Major Crimes Act beyond it's reach. Nothing in either state or law prohibits, criminalizes etc., conduct by a non Indian that occurrs in the state of Oklahoma.

(2) The tribe has denied the Plaintiff due process under 25. U.S.C §1304 (3) notice which states " an Indian Tribe that has ordered the detention of any person has a duty to timely notify such persons of his rights and priveleges under this subsection and under section 1303 of this title

(3) The Tribe has denied The Plaintiff Due Process under the 5th amendment

(3)

and the 6th Amendment.

## Conclusion

The plaintiff's pending detention prejudices him in several areas. First, the grade of his probation violation and imposition of any sentence will be weighed by the finding of the Tribal Charges. Next, his custody, classification, programming, re-entry and overall sentence will be based on the outcome of the charges the Creek Nation has the Detainer and pending charges on.

Therefore, this Honorable Court has jurisdiction to correct these deprivations of constitutional magnitude. In as much, Plaintiff requests the order of dismissal of the pending charges in Creek Nation Court with prejudice to refiling.

Respectfully Submitted,

Dymond C Brown
8-23-21

Dymond C. Brown
122 S. 3rd St
Muskogee, OK 74401

TULSA OK 740
23 AUG 2021 PM 2 L

USA FOREVER

SCANNED

United States District Court Clerk
101 N. 5th Street
Muskogee OK, 74401

74401-620358